IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FREDRICK C. NELSON,

    Plaintiff,

vs.                                          No. 04-2840-Ma/An

JIM KERAS,

    Defendant.

---

### ORDER TO ISSUE SERVICE OF PROCESS

Plaintiff Fredrick C. Nelson filed a *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, on October 19, 2004 and paid the civil filing fee. Because it appeared from the face of the complaint that the complaint was untimely, having been filed ninety-six (96) days after the issuance of the right to sue letter, the Court issued an order on November 5, 2004 directing the plaintiff to show cause why the complaint should not be dismissed as time barred. The order stated that "the plaintiff is entitled to an opportunity to demonstrate either that his complaint was filed within ninety days of receipt of the right to sue letter or that he is entitled to equitable tolling." The plaintiff's response, which was submitted on December 3, 2004, asked for application of the doctrine of equitable tolling because, contrary to the allegation in the complaint, the right to sue letter was not received on July 15, 2004, the date on which it

was issued, but was mailed to the plaintiff and received later. Although the plaintiff's response to the order to show cause has not set forth any facts indicating he likely would be entitled to equitable tolling, the allegation that the right to sue letter was mailed is sufficient that the Court will not dismiss the complaint, sua sponte, as time barred. Nothing in this order is intended to preclude the defendant from seeking dismissal of the complaint on statute of limitations grounds.

Within thirty (30) days of the date of entry of this order, the plaintiff shall personally appear at the Clerk's office and, upon presentation of a copy of this order, the Clerk shall provide plaintiff one (1) blank, unsigned summons. Pursuant to Fed. R. Civ. P. 4(b), the plaintiff is responsible for properly filling out the summons and presenting it to the Clerk for signature and seal. If the summons is in proper form, the Clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. The service on the defendant shall include the order to show cause, the plaintiff's response, and this order. The plaintiff is responsible for ensuring that service is effected on the defendant pursuant to Fed. R. Civ. P. 4(h)(1).[1]

It is ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if he has no attorney. The plaintiff shall make a certificate of service on every document filed. The

---

[1] Plaintiff also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."

2

plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and the local rules of this Court.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

The plaintiff is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.

IT IS SO ORDERED this **23A** day of May, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:04-CV-02840 was distributed by fax, mail, or direct printing on May 24, 2005 to the parties listed.

---

Fredrick C. Nelson
207 Williford
Memphis, TN 38112

Honorable Samuel Mays
US DISTRICT COURT