IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV 29 PM 5: 08

THOMAS M. GOULD
CLERK US DISTRICT COURT
W/D OF TN MEMPHIS

```
FREDRICK C. NELSON,            X
                               X
          Plaintiff,           X
                               X
vs.                            X        No. 04-2840-Ma/An
                               X
JIM KERAS,                     X
                               X
          Defendant.           X
                               X
```

ORDER TO SHOW CAUSE

Plaintiff Fredrick C. Nelson filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on October 19, 2004 and paid the civil filing fee. Because the complaint alleged that the plaintiff had received the right to sue letter more than ninety days before the commencement of this action, the Court issued an order on November 5, 2004 directing the plaintiff to show cause, within thirty days, why the complaint should not be dismissed as time barred. Plaintiff filed his response to the order to show cause on December 3, 2004. On May 24, 2005, the Court issued an order stating that the plaintiff's response "is sufficient that the Court will not dismiss the complaint, sua sponte, as time barred." 05/24/05 Order at 2. In that order, the Court directed the Clerk to issue a summons to the plaintiff and the plaintiff to effect service on the defendant. The order concluded by stating that "[t]he plaintiff is advised that the

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on _____11-30-05_____

7

time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order." 05/24/05 Order at 3. The plaintiff obtained his summons on June 22, 2005. To date, however, the plaintiff has not filed a return of service, as required by Fed. R. Civ. P. 4(1), and the defendant has not answered the complaint or appeared in this matter.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.[1]

Because plaintiff has not filed proof of service and defendant has not appeared, it is likely that plaintiff has not served defendant.

Plaintiff has failed in another respect to prosecute this action. On September 27, 2005, the magistrate judge sent the plaintiff a letter notifying him of a scheduling conference on October 27, 2005. The instructions in the setting letter directed the plaintiff to notify the defendant of the conference. Although the plaintiff appeared for the scheduling conference, he failed to notify the defendant or advise the magistrate judge of his failure before the conference.

---

[1] Although the Court is obligated to ensure that service is properly made when a plaintiff is proceeding in forma pauperis, Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996), the responsibility for properly serving a paid complaint rests with the plaintiff, id.; Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m).").

For all of the foregoing reasons, the plaintiff is ORDERED to show cause, within thirty (30) days of the date of entry of this order, why this action should not be dismissed, pursuant to Fed. R. Civ. P. 4(m) and 41(b), for failure to effect service on the defendant and failure to prosecute. **If the plaintiff served the defendant prior to the expiration of the time specified in Rule 4(m), as modified by the May 24, 2005 order, he is instructed to file BOTH a response to the order to show case and a return of service.** Failure timely to comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this _____ 29ᵗʰ _____ day of November, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in
 case 2:04-CV-02840 was distributed by fax, mail, or direct printing on
November 30, 2005 to the parties listed.

---

Fredrick C. Nelson
207 Williford
Memphis, TN 38112

Honorable Samuel Mays
US DISTRICT COURT